**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

LISA A. HANLIN                                                                                         PLAINTIFF

V.                         CASE NO.: 4:12CV00411 BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration[1]                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lisa Hanlin appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"). For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.      Background**

On October 16, 2008, Ms. Hanlin protectively filed for SSI, alleging disability beginning on January 1, 2008, due to an enlarged heart, spina bifida, asthma, and a bad back. (Tr. 118, 148) Ms. Hanlin's claims were denied initially and upon reconsideration. (Tr. 62, 69) At her request, an Administrative Law Judge ("ALJ") held a hearing on December 7, 2010, at which Ms. Hanlin appeared with her attorney. (Tr. 18) At the hearing, the ALJ heard testimony from Ms. Hanlin and a vocational expert ("VE"). (Tr. 18-39)

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. She has been substituted for named Defendant Michael J. Astrue under Fed.R.Civ.P. 25.

The ALJ issued a decision on February 16, 2011, finding that Ms. Hanlin was not disabled under the Act. (Tr. 9-17) On May 10, 2012, the Appeals Council denied Ms. Hanlin's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Ms. Hanlin was 24 years old at the time of the hearing. (Tr. 34) She had completed high school and was working two hours a day as a lunch monitor at an elementary school. (Tr. 22, 24) Between July 2007 and January 2008, Ms. Hanlin worked as a housekeeper at a hotel, on the cleaning crew at a mall, and in the deli of a Wal-Mart. (Tr. 175) She left her last job, at the deli, due to a dispute after she fell in a drain hole at work. (Tr. 23)

Ms. Hanlin smoked half a pack of cigarettes a day and marijuana occasionally. (Tr. 248) She used a Flovent inhaler every other day for her asthma and took Exedrin for her pain. (Tr. 27, 28). She put on sunscreen before going outdoors due to an alleged allergy to sunlight and heat. (Tr. 25) Ms. Hanlin wore a wrist brace to the hearing and said she sometimes walked with a cane. (Tr. 29, 30)

Ms. Hanlin suffered a bout of depression after she suffered a miscarriage, but testified at the hearing that it would not interfere with her ability to work. (Tr. 32-33). She lived with her mother, brother, sister, and her 3-year-old daughter. (Tr. 33). During a normal day, she would take care of her daughter, do housework, watch television, and go to the park. (Tr. 42)

II. <u>**Decision of the Administrative Law Judge**</u>[2]

The ALJ found that, although Ms. Hanlin worked part-time, she had not engaged in substantial gainful activity since her alleged disability onset date.  (Tr. 11)  And he found that Ms. Hanlin had the following severe impairments: spina bifida and depression.  (Tr. 11)  The ALJ also found, however, that Ms. Hanlin did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.926).  (Tr. 11-12)

The ALJ determined that Ms. Hanlin had the residual functional capacity ("RFC") to perform light work, with occasional lifting and carrying up to 20 pounds, and frequent lifting and carrying of 10 pounds, except she would have to avoid work that required constant repetitive bending or exposure to sunlight or extreme heat.  (Tr. 12-16)

Although Ms. Hanlin had worked, she had not worked at the level of substantial gainful activity, so she had no past relevant work.  (Tr. 16)  After considering VE testimony, the ALJ determined that Ms. Hanlin could perform significant jobs existing in

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g) (2005).

the national economy. (Tr. 16-17) Accordingly, the ALJ found that Ms. Hanlin was not disabled. (Tr. 17)

### III.  Analysis[3]

  A.  *Plaintiff's Arguments for Reversal*

Ms. Hanlin claims the ALJ's decision was not supported by substantial evidence because: (1) the ALJ failed to find that she met Impairment Listings 1.02, 1.05, 12.04, and 12.06; (2) the ALJ erred in his assessment of Ms. Hanlin's credibility; (3) the ALJ failed to consider the combined effects of Ms. Hanlin's impairments; and (4) the ALJ did not give proper consideration to Ms. Hanlin's mental impairments. (#12)

  B.  *Impairment Listing*

A claimant has the burden of proving that an impairment or combination of impairments meets or equals a Listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). "To meet a listing, an impairment must meet all of the listing's specified criteria." *Carlson v. Astrue*, 604 F.3d 589, 593 (8th Cir. 2010) (citing references omitted).

---

[3] The standard of review in this case is whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)). In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

Ms. Hanlin argues that she met the requirements of Impairment Listings 1.02 and 1.05, apparently due to an alleged inability to ambulate effectively. (#12, pp. 9-10) There is no medical evidence indicating that Ms. Hanlin could not ambulate effectively, which forecloses a finding she met Listing 1.02. Although she testified she occasionally used a cane, a cane would not limit the functioning of both upper extremities. (Tr. 29) Ms. Hanlin did not use a walker, two crutches, or two canes. There is also no evidence she needed companion assistance to travel to and from her part-time employment.

Ms. Hanlin's citations in support of this claim are to a summary prepared for the administrative proceedings, not actual medical records. (#12, p. 10, citing Tr. 192 and 193) Regardless, her noted hip pain and a double jointed finger fall far short of meeting Listing 1.02.

Records show that Ms. Hanlin's "very slight" spina bifida caused almost no physical limitations. (Tr. 201-205, 247) She was apparently able to ride a bicycle for exercise and to travel. (Tr. 27, 170, 252) She could care for her young child and pet without assistance. (Tr. 145, 148) She cleaned, cooked, did laundry, washed dishes, and picked-up after her child "everyday and all day." (Tr. 149) All of this evidence is inconsistent with Ms. Hanlin's Listing argument.

Ms. Hanlin has also not shown that she had any amputations that would allow her to meet Listing 1.05. She has failed to meet her burden to show that she met a single criterion for Listing 1.05.

It appears the other Listings cited by Ms. Hanlin, Listing 12.04 and 12.06, were referenced as a result of a typographical error. The Listings are cited once, and there is no argument or citation to the record in support. (#12, at p. 5) These Listings relate to mental disorders. As previously noted, Ms. Hanlin testified that her depression would not interfere with her ability to work. (Tr. 32-33) Ms. Hanlin waived any claim related to Listings 12.04 and 12.06 by failing to support her Listing argument. See *Aulston v. Astrue*, 277 F. App'x 663, 664 (8th Cir. 2008)(declining to consider undeveloped argument that claimant met the requirements of a particular Listing). Even if she had not waived this argument, she failed to meet her burden of proving she met an Impairment Listing.

    C.    *Credibility Determination*

Ms. Hanlin argues in passing that the ALJ erred by discrediting her subjective complaints. (#12, at pp. 10-11) Ms. Hanlin did not cite a single page of the record to support this argument. (#12) Ms. Hanlin waived this argument by failing to support it. Regardless, the ALJ gave sufficient reasons for finding Ms. Hanlin's subjective complaints not fully credible. (Tr. 12-15)

    D.    *Effect of Multiple Impairments*

Ms. Hanlin claims the ALJ failed to consider the combined effects of her impairments. Specifically, Ms. Hanlin claims she met a Listing due to the combined effects of her impairments. (#12, pp. 11-13)

Despite noting that she "must present medical findings equal in severity to all the criteria for the one most similar listed impairment," she failed to cite any medical findings, note how she met the Listing criteria, or even identify the most similar Listing. (#12, at p. 11) As a result, Ms. Hanlin waived this argument.

The ALJ recognized his obligation to consider the combined effects of Ms. Hanlin's impairments. For example, he specifically noted that at step two, a "combination of impairments" can be severe. (Tr. 10) In fact, the ALJ used the phrase "combination of impairments" at least seven times. The ALJ noted at step three, a combination of impairments can meet or equal an Impairment Listing. (Tr. 10) The ALJ also noted that he must consider all impairments, even impairments that are not severe, when determining RFC. (Tr. 10) Based on the language and content of the ALJ's decision, it appears he adequately considered the combined effects of Ms. Hanlin's impairments.

    E.    *Mental Impairments*

Ms. Hanlin's final argument is that the ALJ failed to give proper consideration to her mental impairments. (#12, pp. 14-16) For support, Ms. Hanlin again cited exclusively to a summary prepared for the administrative proceedings. (#12, at pp. 14-15, citing Tr. 194-197)

Ms. Hanlin confirmed that her depression would not interfere with her ability to perform work. (Tr. 33) She did, however, have some cognitive limitations.

Mr. Hanlin graduated high school, but was always in special education classes. (Tr. 22) Her intelligence was estimated to be "below average." (Tr. 248) Evaluations cited in the administrative summary show that Ms. Hanlin had moderate limitations in maintaining concentration, persistence, or pace. (Tr. 267) She was also moderately limited in her social interactions and her ability to adapt. (Tr. 273) These limitations, however, were consistent with the ability to perform unskilled work. (Tr. 273)

During the administrative hearing, the ALJ limited Ms. Hanlin to unskilled work. (Tr. 37) The VE provided only unskilled jobs Ms. Hanlin could perform.[4] (Tr. 36-37) If the ALJ erred by omitting the limitation to unskilled work in his decision, this was merely an error in opinion-writing, as the unskilled limitation was incorporated in the ALJ's jobs finding. (Tr. 16-17) An arguable deficiency in opinion-writing is not a sufficient reason to remand a case when the deficiency had no effect on the outcome. *McGinnis v. Chater*, 74 F.3d 873, 875 (8th Cir. 1996).

## IV. Conclusion

The Court has reviewed all of the evidence in the record. Despite her impairments, there is sufficient evidence in the record as a whole to support the Commissioner's

---

[4] Ms. Hanlin states the "ALJ never presented a hypothetical to the VE." (#12, at p. 13) This is simply not true. The ALJ clearly presented a hypothetical to the VE. (Tr. 35-36) In response to the hypothetical, as noted in the ALJ's decision, the VE provided jobs Ms. Hanlin could perform. (Tr. 16, 36-37)

determination that Lisa A. Hanlin retained the residual functional capacity to perform jobs existing in significant numbers in the economy.

Accordingly, her appeal is DENIED, and the Clerk of Court is directed to close the case, this 24th day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE